**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHLEEN MORAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.<br><br>Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff KATHLEEN MORAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorney, Daniel Cohen, PLLC, against Defendant NATIONAL ENTERPRISE SYSTEMS, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt

1

collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located in Solon, Ohio.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Synchrony Bank ("Synchrony"), which contain the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the

2

undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO KATHLEEN MORAN

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid balance allegedly owing to Synchrony.

15. On or about May 6, 2016, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector"

4

as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. As a result of the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692e,** *et seq*
**False or Misleading Representations as to the Amount of Debt Owed**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

22. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

23. Defendant's May 6, 2016 Letter stated a Current Account "Balance" of $1,411.83.

24. Upon affirmation and belief, the said letter to the Plaintiff was an initial communication from the Defendant.

25. The said letter was sent in an effort to collect on a defaulted consumer debt.

26. Such collection letter is open to one of multiple interpretations and would likely be misunderstood by the least sophisticated consumer.

27. § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees. *Id*.

28. Defendant's collection letters fail to include the safe harbor language set out in *Avila*. *Id*.

29. An unsophisticated consumer would be left uncertain by the said letters as to whether the

accounts were accruing interest or not.

30. The Current Account "Balance" in the case at hand was for an amount that included original principal, fees and contractual interest.

31. In this case, the Current Account "Balance" was increasing due to interest and other charges as per the creditor's contract. Nevertheless, the collection notices did not disclose that the amount of the debt stated in the letter "could," "may," or "will" increase over time.

32. The said letters failed to correctly state the in full the amount of the debt allegedly owed.

33. Though the collection letter to Plaintiff stated a Current Account "Balance," the letter did not state on which date the Current Account "Balance" was calculated, and did not explain that contractual and/or statutory interest and/or legal fees would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

34. A reasonable consumer could read the notices and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

35. However, since contractual interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays the Current Account "Balance" stated on the notices will be unaware as to whether or not the debt has been paid in full.

36. The debt collector could still seek the automatically accrued contractual interest that accumulated after the notices were sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

37. A letter that states Current Account "Balance," without notice that the amount is already increasing due to automatically accruing contractual interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

38. The FDCPA requires debt collectors, when notifying consumers of their account balance,

39. to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy her debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

40. Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

41. The amount of the contractual or statutory interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

42. Collection notices that state only a Current Account "Balance" but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

43. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

44. ERC was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, ERC was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

45. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

46. ERC knew that balances would increase due to interest, fees and/or disbursements.

47. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but

mistaken belief that timely payment will satisfy their debts." *Avila* at 76.

48. Because the statement of the Current Account "Balance" included original principal, fees, and contractual and/or statutory interest, without notice that the accruing interest was expressly waived, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

49. According to the Second Circuit's finding that the "Amount Due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." *Avila* at 76.

50. The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not an express waiver of interest, and the debt collector or creditor can seek the interest in the future.

51. In fact, in this case Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract or per statute. The consumer could not know what the real balance is.

52. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. *Navillus Tile, Inc. v. Turner Const*. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003). A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co*., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

53. The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its statements post charge off does not constitute an express waiver and statutory or prejudgment interest is continuing to accrue and may be charged at a future time.

54. According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure. See *Haney infra* ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the Wal-Mart account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor]."

55. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

56. Since the "Amount Due" is for an amount that includes original principal, fees, and contractual

interest, the collection notice must accurately inform the consumer that interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e... a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

57. Although Defendant's collection letter stated a Current Account "Balance" the letter failed to disclose to the Plaintiff that the Defendant may collect the additional accruing interest at a later date. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) ... The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

58. Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtors pays the "Amount Due" the Defendant and or the creditor could still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third

party, which itself could seek the automatic interest and from the consumer. Avila, at *10-11.

59. A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

60. Upon receiving Defendant's collection letter, the Plaintiff was uncertain whether the Current Account "Balance" was accruing interest as there was no disclosure or admonition indicating otherwise.

61. Defendant's letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money is allegedly owed to the Defendant, how much money would accrue daily on the alleged debt, how much additional money would be owed if the Current Account "Balance" stated in the collection letters was paid, and if or when the Defendant's collection efforts would discontinue if the Current Account "Balance" was remitted to the Defendant.

62. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

63. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

64. Upon information and belief, the Defendant's collection letters, such as the said May 6, 2016 collection letter, number in at least the hundreds.

65. The Defendant, by failing to state that it would add interest to the amount of the debt or by failing to clearly waive interest, made materially false statements, in violation of 15 U.S.C. §

1692e of the FDCPA.

66. Defendant's collection letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

67. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

68. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

69. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

70. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

71. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

72. Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

73. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

74. These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose his or her response.

75. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Daniel Cohen, PLLC, as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:    Brooklyn, New York
          April 14, 2017

Respectfully submitted,

By: /s/ Daniel Cohen_____
Daniel Cohen, Esq.
Daniel Cohen, PLLC
30 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (646) 645-8482
Fax:    (347) 665-1545
Email: Dan@dccohen.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ Daniel Cohen*
Daniel Cohen, Esq.


Dated:    Brooklyn, New York
          April 14, 2017